UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES KEVIN ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos.: 3:15-CV-392-TAV |
| ) | 3:12-CR-114-TAV-HBG-2 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 70]. The government filed its response on October 19, 2015 [Doc. 73]. In addition to the petition, the Court is in possession of a motion for appointment of counsel filed on August 26, 2015 [Doc. 69]. For the reasons stated below, Petitioner's § 2255 motion [Doc. 70] will be **DISMISSED WITH PREJUDICE** and request for counsel [Doc. 69] will be **DENIED as moot**.

## I. BACKGROUND

In April 2012, law enforcement officers conducted a traffic stop of a vehicle in which Petitioner was a passenger [Presentence Investigation Report ("PSR") ¶ 16]. During the stop, the officers learned of a residential burglary in which a flat-screen television had been stolen; the television in the vehicle matched the serial number of the television that had been stolen [*Id.*]. Firearms had also been stolen from the residence, and law enforcement officers thereafter learned that Petitioner and co-defendant James Coker had stolen the firearms, but had left them at another location, from which the officers were able to retrieve them [*Id.* ¶ 7].

Petitioner and Coker were thereafter charged with aiding and abetting each other in the possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and (2) [Doc. 1]. In April 2013, Petitioner pled guilty as charged, also admitting that he had been convicted of six prior felony offenses: four burglaries and two qualifying drug offenses [Doc. 37 ¶ 3(d)]. As part of his plea agreement, Petitioner expressly waived his right to file an appeal or a § 2255 motion, except under limited circumstances [*Id.* ¶ 10]. The Court classified Petitioner as an armed career criminal under 18 U.S.C. 924(e) and, in December 2013, sentenced him to the statutory mandatory minimum of 180 months' imprisonment [Doc. 64].

Petitioner filed his notice of appeal on August 6, 2015, nearly twenty months after his conviction had become final [Doc. 68], the Sixth Circuit dismissed the appeal as untimely on November 9, 2015 [Doc. 72]. Petitioner filed the current § 2255 motion on August 31, 2015, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015) as grounds for relief [Doc. 70]. The government responded in opposition on October 19, 2015 [Doc. 73].

## II.   TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) provides that the one-year statute of limitations applicable to collateral challenges runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). A conviction becomes "final [for

2

purposes of § 2255(f)(1)] at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where no appeal is taken, direct review can be said to have concluded after expiration of the time for filing for such appeal—fourteen days after entry of the Court's judgment. *See* Fed. R. App. P. 4(b)(1)(A) (explaining the defendant must file his notice of appeal in the district court within fourteen days after "the entry of either the judgment or order being appealed).

Because Petitioner failed to file timely notice of appeal, his statute of limitations under subsection (f)(1) began to run on December 27, 2013—fourteen days after the Court's entry of his sentence on December 13, 2013. As a result, his August 31, 2015 motion for collateral relief is untimely to the extent that it seeks relief under the theory espoused in Ground Two. Further, nowhere in the petition does Petitioner provide a basis for equitably tolling the otherwise applicable limitations period. *See e.g., Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (explaining equitable tolling is only appropriate where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day."). Ground One's reliance on *Johnson v. United States*, however, triggers the renewed one-year limitations period under subsection (f)(3). *See In re Windy Watkins*, No. 15-5038, slip op. at 9–10 (6th Cir. Dec. 17, 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The renewed period began to run on June 26, 2015, *see* generally *Johnson*, 135 S. Ct. at 2551, and, as a result, Petitioner's motion falls safely within the window for requesting collateral relief [Doc. 70].

3

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### IV. ANALYSIS

Petitioner articulates two grounds of collateral challenge, both claiming he was improperly categorized as a career offender [Doc. 70]. First, Petitioner cites the recent United States Supreme Court opinion *Johnson v. United States*—in which the Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague—in conjunction with the fact that several of his prior burglaries involved "out buildings" as grounds for setting aside the statutory enhancement [*Id.* at 3]. Second, Petitioner appears to argue that his two drug convictions should have only counted as a single prior offense based on the fact that the offenses were consolidated "for sentencing on the same criminal complaint" [*Id.* at 1].

**A.  Ground One: Categorization as Career Offender after *Johnson v. United States***

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug

4

offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates.

Petitioner does not dispute the existence of his six prior convictions, claiming only that all four burglary offenses involved "out buildings" instead of dwellings [Doc. 70 pp. 2–3 (arguing this fact removes the convictions from the enumerated-offense clause's definition of "burglary," leaving the now-defunct residual clause as the only avenue for ACCA enhancement)]. The validity of Petitioner's sentence thus depends on whether his burglary convictions qualify as predicate offenses under one of the unaffected forms of violent felony or, as he claims, require invocation of that portion of the definition *Johnson* held unconstitutional. *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause).

5

To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). A court does so by employing a "categorical approach," under which it looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations omitted). When the prior conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—the court resorts to the "modified categorical approach" under which it "consult[s] a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.

For purposes of a § 924(e) enhancement, the Supreme Court has defined "burglary" as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Tennessee provides that a person commits burglary when, "without, the effective consent of the property owner," he:

(1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft, or assault;

(2) Remains concealed, with the intent to commit a felony, theft, or assault in a building;

(3) Enters a building and commits or attempts to commit a felony, theft, or assault; or

6

> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a). All but one of the foregoing categories—entering a freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle—satisfy *Taylor*'s generic definition—"unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *See Descamps*, 133 S. Ct. at 2284 (explaining a statute is "divisible" when it "list[s] potential offense elements in the alternative"); s*ee also United States v. Moore*, 578 F. App'x 550, 553 (6th Cir. 2014) (finding that Tenn. Code Ann. § 39-14-402 is divisible under *Descamps*); *United States v. Mitchell*, 743 F.3d 1054, 1065 (6th Cir. 2014) ("The ordinary use of the conjunction 'or' is almost always disjunctive, that is, the words it connects are to be given separate meanings." (internal quotations omitted)).

Because all four of Petitioner's prior burglary convictions involved buildings, not vehicles, each qualifies as an independent predicate violent felony under § 924(e)'s enumerated-offense clause. Petitioner's attempted reliance on the distinction between "dwellings" and "out buildings" [Doc. 70 p. 1], is irrelevant for purposes of the ACCA because "burglary of a dwelling" is only required by the career offender provision of the Sentencing Guidelines, not the parallel provisions found in the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a)(2) (mirroring language of the ACCA's enumerated offense clause with the exception of requiring "burglary of a dwelling" instead of generic "burglary"). The Court finds that Petitioner has failed to establish that he is entitled to relief under *Johnson*.

### B. Ground Two: Existence of a Single Prior Serious Drug Offense

Petitioner next argues the Court erred when it decided to treat his prior drug-related convictions as two separate predicate offenses under § 924(e)(1) [Doc. 70 p. 1–2]. As an initial matter, the Court notes Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction(s) and/or resulting sentence" [Doc. 37 ¶ 10(b)], with the limited exception of "claims of ineffective assistance of counsel or prosecutorial misconduct not known to [him] by the time of the entry of the judgment" [*Id.*]. Ground Two does not fall into either category and, as a result, violates of the waiver provision in his plea agreement. *See e.g.*, *United States v. Crawford*, No. 3:07-cv-80000, 2008 U.S. Dist. LEXIS 33527, at *8–19 (W.D. Va. April 23, 2008) (dismissing claim after finding Petitioner knowingly and voluntarily waived his ability to raise that theory of collateral challenge in the plea agreement).

Ground Two independently fails for lack of merit, as Petitioner's argument ignores the fact that § 924(e) and the Guidelines use "different counting rules." *See e.g.*, *United States v. Campbell*, 436 F. App'x 518, 530–31 (6th Cir. 2011). The ACCA applies whenever a felon is convicted of possessing a firearm after accruing three prior qualifying convictions for offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1); *accord United States v. Martin*, 526 F.3d 926, 938 (6th Cir. 2008). Petitioner does not dispute that one of his drug convictions stemmed from conduct taking place on December 1, 2009 and the other from conduct occurring on December 2, 2009 [PSR ¶¶ 35, 36]. The fact that Petitioner committed the offenses on separate calendar dates necessarily means that they can be said to have "occurred on occasions different from one another" for purposes of § 924(e)(1). *See e.g.*, *United States v. Banner*, 518 F. App'x 404, 406 (6th Cir. 2013) (explaining that "the amount of time between the

individual offenses is relatively unimportant," and fact that the offenses may have been consolidated for plea and sentencing purposes "does not change this result" (quoting *United States v. Roach*, 958 F.2d 679, 683 (6th Cir. 1992)).

## IV. REMAINING NON-DISPOSITIVE CLAIM

The Court notes that it is unclear whether Petitioner's motion for appointment of counsel was grounded in a need for assistance on direct appeal or collateral review [Doc. 69 (requesting counsel to assist "in the process of an appeal")]. The Court finds it need not resolve this ambiguity, however, to rule on the motion. The Sixth Circuit denied Petitioner's direct appeal on October 9, 2015 [Doc. 72]. The fact that neither his direct appeal nor collateral challenge will survive the current order necessarily means that his corresponding request for counsel [Doc. 69] should be **DENIED as moot** accordingly.

## V. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 70] will be **DISMISSED WITH PREJUDICE** and motion requesting appointment of counsel [Doc. 69] will be **DENIED as moot**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE